UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW CHILMOND, )<br>)<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>HOMELAND SECURITY, CITIZENSHIP )<br>AND IMMIGRANT SERVICES, )<br>RUTH DOROCHOFF, in her official )<br>capacity as District Director of Chicago )<br>District Office, MICHAEL MUKASEY, )<br>Attorney General of the United States, )<br>MICHAEL CHERTOFF, Secretary of the )<br>Department of Homeland Security, and )<br>UNITED STATES OF AMERICA, )<br>)<br>Respondents. ) | **FILED**<br>**FEBRUARY 6, 2008**<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT<br><br>Case Number **PH**  **08 C 796**<br><br>Alien #: A43 306 368<br><br>**JUDGE SHADUR**<br>**MAGISTRATE JUDGE BROWN** |

**PETITION FOR REVIEW OF NATURALIZATION APPLICATION
PURSUANT TO 8 U.S.C. §1421(c)**

NOW COMES the Petitioner, MATTHEW CHILMOND, by and through his attorneys, CARPENTER & CAPT, CHTD., and petitions this Court to Review the U.S. CIS denial of Petitioner's Naturalization Application, and grant him naturalization. Petitioner states the following in support of this Petition:

**NATURE OF THE CASE**

1

This action seeks *de novo* judicial review pursuant to §310(c) of the Immigration and Nationality Act, 8 U.S.C. §1421(c) of the denial of the Petitioner's application for naturalization.

**INTRODUCTION**

Mr. Chilmond has been a permanent resident since February 13, 1992. *See* copy of permanent resident card, attached as Ex. 1. Matthew Chilmond is a 45 year old, recently married lawful permanent resident of the United States. The application at issue was an N-400 naturalization application which he submitted on October 17, 2005 *pro se*. He appeared for an interview on November 13, 2006 and admitted that he claimed to be a U.S. citizen on job applications, registered to vote, and actually voted on several occasions. He further explained the reasons for making these claims – namely, he thought he was a U.S. citizen after he was interviewed on his first naturalization application filed in 1997. It was in fact denied, and he had filed an appeal, which was also denied when he missed the N-336 interview on November 18, 2003.

Mr. Chilmond filed a new N-336 on May 4, 2007 and was later scheduled for a N-336 interview on July 10, 2007. He attended and brought with him all the required documents. Officer Krumpolz issued the N-652 interview results indicating that a decision could not be made, and requested that a new medical report from a neurosurgeon and English translation of the previous report be submitted. *See* N-652 attached as Ex. 2. On September 4, 2007, Mr. Chilmond submitted an English translation of his medical report to the Officer. *See* response attached as Ex. 3. On October 24, 2007, Mr. Chilmond received a new N-336 appeal hearing notice scheduled for November 1, 2007.  Mr. Chilmond attended the hearing and again provided the interviewing officer - Officer Guerrero - with

all the necessary documents requested in the interview notice. Officer Guerrero asked Mr. Chilmond to sign his name on the new N-400. It took Mr. Chilmond a significant amount of time and numerous signatures to finally complete the form correctly because of his inability to follow the instructions to print his name in one place, while signing it in another. Officer Guerrero issued a N-652 indicating a decision could not be made. On November 26, 2007, Mr. Chilmond was examined by a new neurosurgeon, and submitted a copy of the neuropsychological evaluation report to Officer Guerrero on December 12, 2007. *See* copy of report attached as Ex. 4. Mr. Chilmond was issued a denial dated December 11, 2007, but the notice was not received until December 14, 2007.

This patchwork of a history illustrates perfectly why Mr. Chilmond mistakenly thought he was a U.S. citizen: He has mental deficiencies that render it nearly impossible for him to understand the nuances of an application being in process or being granted. He actually had passed his government and history test the first time he applied, and therefore wrongly believed he had been approved with finality. He had no interest in lying about already being a U.S.C. This was a legitimate mistake. He was not criminally prosecuted for his mistake.

Mr. Chilmond was struck and rolled over by a car when he was three years of age. *See* copy of applicant's affidavit previously submitted, attached as Ex. 5. He submitted the medical records he has in English and French to the officers. That accident has left him severely developmentally disabled, which is evident after spending more than a few minutes with him. Claiming he was a U.S. citizen was a misunderstanding facilitated by his disability.

Sections of the November 26, 2007 report detail exactly the type and severity of

impediments that led to Mr. Chilmond not understanding the naturalization process enough to discern when he was to become naturalized. It states, "Mr. Chilmond seemed to have difficulty with common-sense types of tasks and he was quite frustrated by his performance. He had great difficulty repeating, sustaining his attention, and concentration…testing revealed a significant amount of psychomotor slowing." The report also asserts, "the patient was unable to learn a word list across multiple trials…he was unable to retain pertinent information, both immediately and upon ten-minute delay." The psychologist concluded, "the patient had most difficulty with tasks of social comprehension…he appears to be experiencing reasoning impairments with limited self-awareness of his deficits. Testing suggests that he will continue to decompensate and may have serious problems if there is a sudden disruption in his routine, which leave him disoriented, confused and unable to deal with the unfamiliar situation." Mr. Chilmond is still participating in on-going neurological evaluations.

Mr. Chilmond is otherwise eligible for naturalization. Mr. Chilmond has resided continuously as a legal permanent resident in the United States for more than 15 years. He has maintained physical presence for at least half that time. *See* INA § 316(a)(1). Mr. Hammad has good moral character, is attached to the principles of the Constitution of the United States, and is well disposed to the good order and happiness of the United States. *See* INA § 316(a)(3). Mr. Chilmond has demonstrated an understanding of the English language and the fundamentals of history and government of the United States. *See* INA § 312(a).

## STATEMENT OF THE CASE

### Jurisdiction

1. Jurisdiction is conferred on this Court with Respect to this matter by 28 U.S.C. § 1331(Federal Question Jurisdiction) and 8 U.S.C. §1421(c) (Jurisdiction to Review Denials of Applications for Naturalization).

### Venue

2. Venue in the Northern District of Illinois is appropriate pursuant to 8 U.S.C. §1421(c) because Petitioner resides in this district.

### The Parties

3. Petitioner Matthew Chilmond is the naturalization applicant whose application for naturalization has been unfairly denied. The United States Citizenship and Immigration Service's Chicago District Office is the office responsible for the neglect of the aforementioned naturalization application. Michael Mukasey, Attorney General, is a named party pursuant to Federal Rule of Civil Procedure 4.

### COUNT I

4. The USCIS decision in this matter denying Petitioner's application for naturalization is incorrect as a matter of law. The evidence proffered to the USCIS naturalization examiners responsible for making the decision in this case clearly show that Mr. Chilmond lacked capacity to knowingly vote in the United States fraudulently. His act of voting should therefore not be considered a bar to showing good moral character for the purposes of his naturalization eligibility. 8 C.F.R. 316.10 clearly provides that a finding of a lack of good moral character renders an applicant ineligible for naturalization. If the act for which a finding of a lack of good moral character is made is done without any intent to misrepresent, good

moral character is not precluded.

5. There are two ways a lawful permanent resident can become naturalized after voting unlawfully. *See* Illegal Voting and False Claim to U.S. Citizenship Flowchart, *Immigration Services Division Field Operations*, *Policy Memorandum No. 86.* attached as Ex. 7. The first way to qualify is if the applicant is eligible for a CCA exemption, which requires that the applicant shows that (1) both parents were U.S. Citizens at the time the voting occurred, (2) he or she resided in the United States prior to his or her 16th birthday, and (3) they "reasonably believed" that they were actually a U.S. citizen at the time of the violation. If an applicant does not meet this CCA exemption, prosecutorial discretion must be exercised for the person to still be eligible to naturalize. Prosecutorial discretion is governed by the Meissner Memorandum dated November 17, 2002. It is attached hereto as Ex. 8. Favorable discretion should be exercised after weighing the following factors according to the Memorandum: Immigration status ("LPRs warrant greater consideration"), length of residence in the United States, criminal history, humanitarian concerns, and immigration history, *inter alia*. Virtually all of these factors weigh heavily in Mr. Chilmond's favor.

6. Petitioner respectfully requests this Honorable Court to Review the USCIS denial of Petitioner's naturalization application in court, bearing the following in mind. *See* INA 8 U.S.C. §1447(b).

7. In the alternative, Mr. Chilmond respectfully requests this Honorable Court to enter an order directing the U.S. CIS, Chicago District Office, to adjudicate his naturalization application in the next fourteen (14) days.

## COUNT II

## ATTORNEY'S FEES AND COSTS UNDER THE EQUAL

## ACCESS TO JUSTICE ACT (EAJA)

Plaintiffs bringing successful actions in the nature of a mandamus may be entitled to a grant of attorney's fees and costs against the U.S.C.I.S. (legacy INS) under the Equal Access to Justice Act, 28 U.S.C. §2412 (d)(1)(A). This is so even though the United States Supreme Court has ruled that EAJA does not authorize payment of attorney's fees to prevailing parties in administrative deportation proceedings. *See* Ardestani v. INS, 502 U.S. 129 (1991). This action is not part of an administrative deportation proceeding. Therefore it must be allowed.

To prevail under EAJA, a plaintiff must establish that he or she is a "prevailing party" in a suit against the United States or a federal agency or official. Fees are awarded unless the court finds that the position of the defendant was substantially justified or that special circumstances make an award unjust. To be a "prevailing party", the plaintiff need only be successful on a significant issue in the litigation. While the "catalyst doctrine" was abolished by our Supreme Court in Buckhannon Home Health Care v. West Virginia Department of Health, if this case is decided at a hearing on this petition, then Mr. Chilmond will be entitled to EAJA fees and costs.

This Court should not allow the government to impute mal-intent to Mr. Chilmond's action of registering to vote and voting because virtually all of the evidence submitted in this case illustrates that Mr. Chilmond has a significant disability related to a childhood accident and brain injury. Mr. Chilmond legitimately thought he was a United States citizen after being interviewed on a previous naturalization application, and did not

understand that he had to take an oath of citizenship in federal court prior to becoming an actual U.S. citizen. His actions constitute excusable neglect by virtue of his diminished capacity.

WHEREFORE, Petitioner respectfully prays this Honorable Court to adjudicate his naturalization application in court, or in the alternative, enter an order directing the U.S. CIS, Chicago District Office, to adjudicate his naturalization application in the next fourteen (14) days.

Respectfully Submitted,

_____
Robert Carpenter
One of Petitioner's Attorneys

CARPENTER & CAPT, CHTD.
Attorneys for Petitioners
53 W. Jackson Blvd., Ste. 1752
Chicago, IL  60604
t (312) 803-5110
f (312) 803-5110
e c&clawyers@carpenterandcapt.com
IL Attorney Registration #: 6210049