U.S. Department of Homeland Security
101 W. Congress Parkway
Chicago, IL 60605



U.S. Citizenship
and Immigration
Services

**08 C 796**

Matthew Chilmond
c/o Robert Carpenter
53 W. Jackson Blvd. Suite 1752
Chicago, IL 60604

A43 306 368

Date: DEC 1 1 2007

**JUDGE SHADUR**
**MAGISTRATE JUDGE BROWN**

### Request for Hearing on a Decision Naturalization Proceedings Under Section 336 of the Immigration and Nationality Act (INA)

On October 17, 2005, you filed an application for naturalization. On April 5, 2007, your application was denied because it was determined that you did not demonstrate good moral character during the five year statutory period immediately preceding the filing of your application for naturalization. On May 4, 2007, you filed a request for a hearing on the decision to deny your application for naturalization, pursuant to Section 336 of the Immigration and Nationality Act, as amended. You appeared for this hearing before an officer of U.S. Citizenship and Immigration Services on July 10, 2007. On that date, the decision on your appeal hearing was continued and you were asked to provide additional documentation. You appeared for a hearing before an officer of the Service for a second time on November 1, 2007.

Section 316 of Title 8, Code of Federal Regulations ("8 C.F.R."), states in pertinent part:

Sec. 316.10 Good moral character.
(a) Requirement of good moral character during the statutory period.
    (1) An applicant for naturalization bears the burden of demonstrating that, during the statutorily prescribed period, he or she has been and continues to be a person of good moral character. This includes the period between the examination and the administration of the oath of allegiance.
    (2) In accordance with Section 101(f) of the Act, the Service shall evaluate claims of good moral character on a case-by-case basis taking into account the elements enumerated in this section and the standards of the average citizen in the community of residence. The Service is not limited to reviewing the applicant's conduct during the five years immediately preceding the filing of the application, but may take into consideration, as a basis for its determination, the applicant's conduct and acts at any time prior to that period, if the conduct of the applicant during the statutory period does not reflect that there has been reform of character from an earlier period or if the earlier conduct and acts appear relevant to a determination of the applicant's present moral character.
(b) Finding of a lack of good moral character.
    (1) An applicant shall be found to lack good moral character, if the applicant has been:

(i) Convicted of murder at any time; or

(ii) Convicted of an aggravated felony as defined in Section 101(a)(43) of the Act on or after November 29, 1990.

(2) An applicant shall be found to lack good moral character if during the statutory period the applicant:

(i) Committed one or more crimes involving moral turpitude, other than a purely political offense, for which the applicant was convicted, except as specified in Section 212(a)(2)(A)(ii)(II) of the Act;

(ii) Committed two or more offenses for which the applicant was convicted and the aggregate sentence actually imposed was five years or more, provided that, if the offense was committed outside the United States, it was not a purely political offense;

(iii) Violated any law of the United States, any State, or any foreign country relating to a controlled substance, provided that the violation was not a single offense for simple possession of 30 grams or less of marijuana;

(iv) Admits committing any criminal act covered by paragraphs (b)(2)(i), (ii), or (iii) of this section for which there was never a formal charge, indictment, arrest, or conviction, whether committed in the United States or any other country;

(v) Is or was confined to a penal institution for an aggregate of 180 days pursuant to a conviction or convictions (provided that such confinement was not outside the United States due to a conviction outside the United States for a purely political offense);

(vi) Has given false testimony to obtain any benefit from the Act, if the testimony was made under oath or affirmation and with an intent to obtain an immigration benefit; this prohibition applies regardless of whether the information provided in the false testimony was material, in the sense that if given truthfully it would have rendered ineligible for benefits either the applicant or the person on whose behalf the applicant sought the benefit;

(vii) Is or was involved in prostitution or commercialized vice as described in Section 212(a)(2)(D) of the Act;

(viii) Is or was involved in the smuggling of a person or persons into the United States as described in Section 212(a)(6)(E) of the Act;

(ix) Has practiced or is practicing polygamy;

(x) Committed two or more gambling offenses for which the applicant was convicted;

(xi) Earns his or her income principally from illegal gambling activities; or

(xii) Is or was a habitual drunkard.

(3) Unless the applicant establishes extenuating circumstances, the applicant shall be found to lack good moral character if, during the statutory period, the applicant:

(i) Willfully failed or refused to support dependents;

(ii) Had an extramarital affair which tended to destroy an existing marriage; or

(iii) Committed unlawful acts that adversely reflect upon the applicant's moral character, or was convicted or imprisoned for such acts, although the acts do not fall within the purview of Sec.316.10(b)(1) or (2).

(c) Proof of good moral character in certain cases

(1) Effect of probation or parole. An applicant who has been on probation, parole, or suspended sentence during all or part of the statutory period is not thereby precluded from establishing good moral character, but such probation, parole, or suspended sentence may be considered by the Service in determining good moral character. An application will not be approved until after the probation, parole, or suspended sentence has been completed.

(2) Full and unconditional executive pardon.
    (i) Before the statutory period. An applicant who has received a full and unconditional executive pardon prior to the beginning of the statutory period is not precluded by Sec.316.10(b)(1) from establishing good moral character provided the applicant demonstrates that reformation and rehabilitation occurred prior to the beginning of the statutory period.
    (ii) During the statutory period. An applicant who receives a full and unconditional executive pardon during the statutory period is not precluded by Sec.316.10(b)(2)(i) and (ii) from establishing good moral character, provided the applicant can demonstrate that extenuating and/or exonerating circumstances exist that would establish his or her good moral character.
(3) Record expungement.
    (i) Drug offenses. Where an applicant has had his or her record expunged relating to one of the narcotics offenses under Section 212(a)(2)(A)(i)(II) and Section 241(a)(2)(B) of the Act, that applicant shall be considered as having been "convicted" within the meaning of Sec. 316.10(b)(2)(ii), or, if confined, as having been confined as a result of "conviction" for purposes of Sec. 316.10(b)(2)(iv).
    (ii) Moral turpitude. An applicant who has committed or admits the commission of two or more crimes involving moral turpitude during the statutory period is precluded from establishing good moral character, even though the conviction record of one such offense has been expunged.

**Explanation: After a complete review of the record, it has been determined that the previous decision to deny your N-400 application for naturalization remains unchanged. You may file a petition for review in the United States District Court having jurisdiction over your place of residence pursuant to Title 8, Code of Federal Regulations, Part 336.0 within a period of not more than 120 days after the date of this decision.**

**This decision is made without prejudice to any future application for naturalization, which may be filed at any time.**

Sincerely

*Robert L. Blackwood*

Robert L. Blackwood
Field Office Director